CITY OF HOUSTON, Petitioner,

v.

TRAIL ENTERPRISES, INC. d/b/a
Wilson Oil Company, et al.,
Respondents.

No. 08–0413.

Supreme Court of Texas.

Oct. 30, 2009.

Rehearing Denied Feb. 12, 2010.

Frederick D. Junkin, J. Mark Breeding, Paul S. Radich, Andrews Kurth LLP, Denise Lastnick Miller, City of Houston Legal Dept., Houston, for Petitioner.

Philip E. McCleery, Peter K. Rusek, Sheehy, Lovelace & Mayfield, P.C., Rex D. Davis, Waco, Stephen E. McCleery, The McCleery Law Firm, Houston, for Respondents.

Scott N. Houston, Austin, for Amicus Curiae.

PER CURIAM.

In this inverse condemnation case, we consider whether the court of appeals erred by rendering a money judgment against the City of Houston on mineral interest owners' regulatory takings claims. We hold that it did. Because the trial court never entered a final judgment on the jury verdict, the court of appeals' rendition of judgment prevents the City from properly challenging the judgment. We, therefore, reverse the court of appeals' judgment and remand the case to the trial court so that it may reach final judgment and the parties may then have an opportunity to challenge that judgment.

A Houston ordinance prohibited drilling for minerals in a "Control Area" in the City's extraterritorial jurisdiction, including near Lake Houston where the owners' interests lie. The owners were unsuccessful in obtaining a variance in 1994, and brought regulatory takings claims in 1995, seeking damages for inverse condemnation. That suit was dismissed as barred

by the statute of limitations. Then, in December 1996, the City annexed the area at issue. Because their land was no longer subject to the ordinance, the owners wrote the City regarding the possibility of drilling. In 1997, however, the City amended its Control Area ordinance to include land within city limits. The owners did not seek a variance, but instead filed new regulatory takings claims. The trial court held a bifurcated trial, finding that a taking occurred, and the jury awarded damages nearing $17 million.[1] Before it entered final judgment, though, the trial court granted the City's motion for summary judgment on ripeness grounds, for want of a permit or variance request, and ordered the case dismissed without prejudice for lack of jurisdiction. That order is the subject of this appeal.

 The court of appeals reversed, concluding that the action was ripe.[2] 255 S.W.3d 105, 109 (Tex.App.-Waco 2007). We agree that the action was ripe, and on this issue we affirm. See *Mayhew v. Town of Sunnyvale*, 964 S.W.2d 922, 929 (Tex. 1998) (holding that "futile variance requests or re-applications are not required" for a regulatory takings claim to be ripe); *Hallco Tex., Inc. v. McMullen County*, 221 S.W.3d 50, 60 (Tex.2006) (concluding that owners' takings claims were ripe upon enactment of an ordinance absolutely prohibiting precisely the use owners intended to make, without including potential exceptions).[3] Rather than remanding, though, the court of appeals rendered judgment on the jury verdict for the owners based on the trial court's finding of liability. 255 S.W.3d at 115. However, because the trial court relied only on the jurisdictional ripeness issue in disposing of the case, it was improper for the court of appeals to render judgment on the jury verdict. Our rules provide procedures through which parties may challenge a verdict's or judgment's propriety. *E.g.*, Tex.R. Civ. P. 301 (motion for judgment notwithstanding the verdict); Tex.R. Civ. P. 320 (motion for new trial). Remand was necessary at least to enable these further proceedings. *See* Tex.R.App. P. 43.3. The court of appeals circumvented these procedures by treating a motion for summary judgment on a jurisdictional issue as if it were a motion for judgment notwithstanding the verdict, 255 S.W.3d at 113, and doing so was error.

We note that at one point the trial court decided to reconsider its liability finding.[4] Certainly the trial court should determine if additional exploration is warranted into

---

1. The jury found that the fair market value of the property was reduced by $19,046,700.00 as a result of any inverse condemnation, and the plaintiffs stipulated that together they own a total of 88.46204% of the mineral estate in the property, for a damages award to plaintiffs of $16,849,099.37 before interest.

2. The court of appeals issued an opinion on rehearing that let its liability determination stand (including ripeness) without revisiting it. *See* 255 S.W.3d 105, 111–12 (Tex.App.-Waco 2008). Accordingly, we cite to both opinions as appropriate.

3. We note that the trial court entered judgment before we issued our opinion in *Hallco*.

4. In an order on June 16, 2005, the trial court stated upon motion for reconsideration that it would hear further evidence on liability. But in its August 29, 2005 final order, granting summary judgment for the City on ripeness, the court described its earlier determination that an inverse condemnation occurred and the jury verdict on damages together as a "final judgment." *See* 255 S.W.3d at 109. The order also incorrectly stated that the City filed a "motion for new trial." *See id.* (One could surmise from this language that the trial court was ready to enter final judgment on the jury verdict but for the ripeness issue.) Regardless of the trial court's posture, it remains for the trial court to determine whether it will consider liability further before entering its final judgment.

whether the owners have met their burden of demonstrating a taking under the balancing test articulated in *Penn Central Transportation Co. v. City of New York*, 438 U.S. 104, 98 S.Ct. 2646, 57 L.Ed.2d 631 (1978). *See also Sheffield Dev. Co. v. City of Glenn Heights*, 140 S.W.3d 660, 670–71 (Tex.2004); *Hallco*, 221 S.W.3d at 56. Likewise, the trial court may consider other appropriate issues before entering its final judgment.[5] However, we do not reach any such issues with our ruling today.

Therefore, without hearing oral argument, TEX.R.APP. P. 59.1, we reverse the court of appeals' rendition of judgment and order the case remanded to the trial court for further proceedings consistent with this opinion.

---

5. The dissent noted that unresolved issues include whether any taking was a total taking or, if not, substantially interfered with the owners' rights of use and enjoyment, as well as whether the accommodation doctrine would require an evaluation of alternatives to direct drilling. *See* 255 S.W.3d at 111 n. 1 (Gray, C.J., dissenting). In reversing the court of appeals' rendition of judgment, we provide no opinion as to whether these or any other issues remain in this case, or as to their potential resolution.